*E-FILED 5/26/2009*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSE VALADEZ and BABITA VALADEZ<br><br>Plaintiffs,<br><br>v.<br><br>RUBEN AGUALLO and PAUL GREGORIO,<br><br>Defendants. | No. C08-03100 JW (HRL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO DISCOVERY**<br><br>**[Re: Docket No. 22]** |

Plaintiffs Jose and Babita Valadez own an auto upholstery repair business. They claim that, in June 2005, they entered into a business relationship with Avis Budget Group, Inc. ("Avis") in which plaintiffs would provide cleaning and upholstery repair services for rental cars at an Avis facility in San Jose. Defendants Ruben Aguallo and Paul Gregorio are Avis employees who reportedly managed and oversaw the work performed by plaintiffs.

Plaintiffs allege that, from the outset of their relationship with Avis, defendants extorted money from them – i.e., threatened to terminate plaintiffs' business relationship with Avis unless plaintiffs paid kickbacks. Plaintiffs claim that they made kickback payments to defendants until December 15, 2007. Plaintiffs further allege that, at around this same time, and unbeknownst to them, an Avis District Manager determined that much of the services they provided would be done in-house. Plaintiffs say that they have performed no services for Avis

1  at the San Jose facility since December 17, 2007. Defendants allegedly received over $60,000
2  in the kickback scheme. Plaintiffs seek restitution of the payments, as well as damages for
3  fraud, intentional infliction of emotional distress and RICO violations. Defendants deny
4  receiving any payments from plaintiffs.

5  Plaintiffs now move for an order compelling defendants to answer interrogatories and
6  produce documents pertaining to defendants' personal finances. Defendants oppose the motion
7  on the grounds that the requested discovery is irrelevant and violates their right of privacy.
8  Upon consideration of the papers filed by the parties, as well as the arguments presented at the
9  motion hearing, this court grants plaintiffs' motion in part and denies it in part.

## DISCUSSION

Parties may obtain discovery about any nonprivileged matter that is relevant to any party's claim or defense. FED.R.CIV.P. 26(b)(1). Relevance under Fed. R. Civ. P. 26(b)(1) is construed more broadly for discovery purposes than for trial. "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

Where, as here, "there are federal question claims and pendent state law claims present, the federal law of privilege applies." Agster v. Maricopa County, 422 F.3d 836, 839-40 (9th Cir. 2005) (citing Wm. T. Thompson Co. v. Gen. Nutrition Corp., 671 F.2d 100, 104 (3d Cir. 1982); Playboy Enterprises, Inc. v. Welles, 60 F. Supp.2d 1050, 1056 (S.D. Cal. 1999) ("The need for consistency requires federal courts to apply federal privilege policies, rather than state privilege law, where evidence goes to both state and federal claims."); Boyd v. City & County of San Francisco, No. C04-05459, 2006 WL 1390423 *3 (N.D. Cal., May 18, 2006) ("[I]t has been held that where state law claims overlap with federal claims in a federal question case such that particular documents are relevant to both the state and federal claims, federal privilege law also applies.").

Under federal law, defendants have a constitutional right to privacy in their personal information. See Crawford v. United States Trustee, 194 F.3d 954, 958-59 (9th Cir. 1999). However, that right is not absolute and may be overcome by a showing of compelling need.

1  See id. "Courts that have considered whether a disclosure of financial information might
2  violate a constitutional right to privacy have employed a balancing test to determine whether
3  there has been a violation." Charles O. Bradley Trust v. Zenith Capital LLC, No. C04-02239,
4  2005 WL 1030218 *2 (N.D. Cal., May 3, 2005) (citations omitted). Interests in ascertaining the
5  truth, addressing potentially severe wrongdoing by defendants, and ensuring the enforcement of
6  rights are factors that weigh in favor of disclosure. Id.

7  In the instant case, after weighing competing legitimate interests and possible prejudice,
8  this court concludes that plaintiffs are entitled to some discovery of defendants' financial
9  affairs. Defendants' finances squarely are at issue in this case by the very nature of plaintiffs'
10 allegations. While plaintiffs say that they have a witness who can corroborate that payments
11 were made, the amount and sources of defendants' income (as well as defendants' expenditures)
12 bear directly on the alleged receipt and amount of the kickback payments. The discovery
13 sought reasonably is limited to a four- or five-year period. Defendants' interest in preventing
14 unnecessary disclosure can be safeguarded by an appropriate protective order governing the
15 handling of confidential information.

16 However, this court is unpersuaded that defendants must be compelled to produce their
17 tax records at this time. See Aliotti v. The Vessel Sonora, 217 F.R.D. 496, 497-98 (N.D. Cal.
18 2003) ("[T]he Court may only order the production of plaintiff's tax returns if they are relevant
19 and when there is a compelling need for them because the information sought is not otherwise
20 available."). Some of the interrogatories in question provide a less intrusive means by which
21 the same information might be obtained. Additionally, this court finds that some of plaintiffs'
22 requested discovery is encompassed by other requests, or is of marginal relevance and simply
23 too tenuous to warrant production. Accordingly, plaintiffs' motion to compel is granted in part
24 and denied in part as follows[1]:

25 The motion is GRANTED as to:

---

[1] This court notes that its decision would be the same even if it were to apply California law on privacy. See Charles O. Bradley Trust, 2005 WL 1030218 at *2 n.1 and discussion therein.

3

- • Interrogatories 4, 11, 15 and Document Requests 1 and 10, which seek information about defendants' compensation, financial accounts, and cash receipts.
- • Interrogatories 5 and 7, which seek information about defendants' assets. However, these interrogatories shall be limited to the identification of assets valued at over $1,000.
- • Interrogatories 18-22 and Document Requests 8-9, which seek certain creditor and credit card account information.

Defendants shall serve their answers to these interrogatories and produce all responsive documents no later than **June 5, 2009**. If the parties have not already done so, they shall forthwith meet and confer for the purpose of agreeing upon the terms of a protective order as to the handling of confidential information.

To the extent any of the above-identified document requests might be construed as calling for the actual production of defendants' tax records, plaintiffs' motion is DENIED. However, the denial is without prejudice to plaintiffs to renew the motion for tax records if, after reviewing defendants' discovery responses, they have a sound (and not merely speculative) basis to believe that the information provided by defendants is untruthful or incomplete.

Plaintiffs' motion is DENIED as to Interrogatories 6, 10, 12, 13, 14, 17 and Document Requests 6-7.

SO ORDERED.

Dated:   May 25, 2009

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

**5:08-cv-3100 Notice has been electronically mailed to:**

Blaine L. Fields  blaine.fields@sbcglobal.net

Dov M. Grunschlag  dgrunschlag@carterfries.com

Michelle Q. Carter  michelle@carterfries.com

William P. Donovan , Jr  william.donovan@dlapiper.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.