**\*E-FILED 6/24/2009\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSE VALADEZ and BABITA VALADEZ<br><br>    Plaintiffs,<br><br>  v.<br><br>RUBEN AGUALLO and PAUL GREGORIO,<br><br>    Defendants.<br>_____/ | No. C08-03100 JW (HRL)<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO COMPEL**<br><br>**[Re: Docket No. 42]** |

    Before this court is plaintiffs' motion to compel. As originally presented, the instant motion sought an order compelling defendants to produce tax returns for the years 2005-2008 requested by Document Request No. 1 (Set 2). However, plaintiffs later withdrew that portion of their motion.[1] Thus, the sole remaining issue is a purely procedural one: have defendants waived all objections to Document Request No. 1 (Set 2) because of the claimed untimely service of their discovery responses? Pursuant to Civ. L.R. 7-1(b), this court finds it appropriate to rule on the motion without oral argument, and the July 7, 2009 motion hearing is vacated. Upon consideration of the moving and responding papers, this court finds that defendants' objections are not waived.

---

[1] The withdrawal was made in view of this court's order denying (without prejudice) plaintiffs' prior motion to compel such records. (See Docket Nos. 46 and 47).

1    Plaintiffs served the document request in question by mail on March 30, 2009.
2 Defendants' responses therefore were due by May 4, 2009. FED. R. CIV. P. 34(b)(2)(A); FED. R.
3 CIV. P. 6(a), (d). Defense counsel mailed defendants' objections to plaintiffs' counsel on April
4 30, 2009, four days before the due date. The objections were also emailed to plaintiffs' counsel
5 that same day. Defense counsel says that he inadvertently left the "CA" off of the mailing
6 address, but inserted it by hand on the envelope before mailing it. (Grunschlag Decl., ¶ 2). He
7 also did not include in the mailing address the floor number of the building where plaintiffs'
8 counsel has his office. Nevertheless, defense counsel attests that he successfully used that same
9 mailing address (without the floor number) in the past. (See id., ¶ 3). This time, however, the
10 post office returned defendants' mail as undeliverable on May 5, 2009 – i.e., one day after the
11 deadline for service of defendants' responses. Defense counsel re-mailed the responses that
12 same day, this time including the floor number. There seems to be no dispute that plaintiffs'
13 counsel received that mailing the very next day on May 6, 2009. Plaintiffs now contend that the
14 service of defendants' objections was untimely and that all objections consequently have been
15 waived.

16    The failure to timely respond to a discovery request constitutes a waiver of any
17 objection. See Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th
18 Cir.1992). Nevertheless, courts have broad discretion to grant relief, on a case-by-case basis,
19 from any such waiver upon a showing of good cause. See Blumenthal v. Drudge, 186 F.R.D.
20 236, 240 (D. D.C. 1999). In exercising its discretion, the court evaluates relevant factors,
21 including: (1) the length of the delay; (2) the reason for the delay; (3) the existence of bad faith;
22 (4) the prejudice to the party seeking the disclosure; (5) the nature of the request; and (6) the
23 harshness of imposing the waiver. Hall v. Sullivan, 231 F.R.D. 468, 474 (D. Md. 2005).

24    In the instant case, the parties quibble over whether defendants' April 30, 2009 mailing
25 constitutes valid service. This court, however, sees no need to belabor the point. Even
26 assuming that defendants' responses were not timely served, this court finds good cause to grant
27 relief from any resulting waiver. If this court were to credit only the second mailing, the
28 responses were delayed by, at most, two days. More to the point, there was no apparent bad

1  faith by defendants, and no prejudice resulted from the very brief delay.  Indeed, although
2  plaintiffs dispute whether the objections properly could have been served by email, there is no
3  question that they also received defendants' discovery responses by email four days before the
4  deadline.  In sum, on the sole question as to the timeliness of defendants' response, this court
5  finds that their objections have not been waived.

6  SO ORDERED.

7  Dated:    June 24, 2009

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

United States District Court
For the Northern District of California

3

**5:08-cv-03100 Notice will be electronically mailed to:**

Blaine L. Fields    blaine.fields@sbcglobal.net

Dov M. Grunschlag    dgrunschlag@carterfries.com

Michelle Q. Carter    michelle@carterfries.com

William P. Donovan, Jr    william.donovan@dlapiper.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**