*E-FILED 7/27/2009*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSE VALADEZ and BABITA VALADEZ | No. C08-03100 JW (HRL) |
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH COURT ORDER** |
| v. | |
| RUBEN AGUALLO and PAUL GREGORIO, | **[Re: Docket No. 54]** |
| Defendants. | |

Plaintiffs Jose and Babita Valadez allege that they entered into a business relationship with Avis Budget Group, Inc. ("Avis") in which plaintiffs would provide cleaning and upholstery repair services for rental cars at an Avis facility in San Jose. They further allege that from the outset of their relationship with Avis, defendants extorted money from them – i.e., threatened to terminate plaintiffs' business relationship with Avis unless plaintiffs paid kickbacks. Plaintiffs claim that they made over $60,000 in kickback payments to defendants until December 15, 2007, after which time plaintiffs say that they have performed no services for Avis.

Plaintiffs previously moved for an order compelling defendants to answer interrogatories and produce documents pertaining to defendants' personal financial information, including tax records. Defendant objected on relevance and privacy grounds.

On May 26, 2009, this court granted plaintiffs' motion to compel in part and denied it in part. The court found that plaintiffs failed to show that production of defendants' tax records was warranted, and the motion as to those records was denied without prejudice. However, the motion was granted as to the following requests:

- Interrogatories 4, 11, 15 and Document Requests 1 and 10, which seek information about defendants' compensation, financial accounts, and cash receipts.

- Interrogatories 5 and 7, which seek information about defendants' assets. (However, these interrogatories were limited to the identification of assets valued at over $1,000.)

- Interrogatories 18-22 and Document Requests 8-9, which seek certain creditor and credit card account information.

Defendants were directed to serve their interrogatory answers and to produce all responsive documents by June 5, 2009. (Docket #46, May 26, 2009 Order).

Plaintiffs now move for an order:

- directing defendants to fully respond to Interrogatory Nos. 5, 7, 20 and Document Request No. 8, as previously ordered;

- directing defendants to respond to Interrogatory Nos. 6, 10, 12, 13, 14 and 17 and Document Request Nos. 6-7 (all of which previously were denied by this court); and

- permitting plaintiffs to conduct post-cutoff discovery – namely, to subpoena (a) automobile auction records for automobiles obtained by defendants through auction; and (b) all loan or credit applications for the loans disclosed by defendants in their discovery responses.

Alternatively, plaintiffs request an order imposing "appropriate issue or trial instruction sanctions." (Mot. at 2). Defendants oppose the motion. Pursuant to Civil Local Rule 7-1(b), the matter is deemed appropriate for disposition without oral argument. Upon consideration of the moving and responding papers, this court denies the motion.

Plaintiffs contend that defendants' supplemental discovery responses are incomplete and evasive. They point out that defendants' interrogatory responses were not verified.

2

1    Additionally, plaintiffs complain that defendants failed to identify the seller(s) in response to
2    Interrogatory Nos. 5[1] and 7[2] and failed to provide address information for identified entities in
3    response to Interrogatory No. 20.[3] Further, plaintiffs argued that defendants had not produced
4    copies of their credit applications as requested by Document Request No. 8.[4] Finally, plaintiffs
5    say that a Cash Call application subsequently produced by defendant Aguallo is difficult to read
6    and was produced in redacted form. They also wish to subpoena defendant Gregorio's bank
7    records for themselves.

8        Defendants represent to the court that they have complied with the May 16, 2009
9    discovery order in good faith and will continue to do so as they receive information that they
10   have been ordered to produce. Indeed, upon review of the record presented, it appears that the
11   alleged deficiencies identified by plaintiffs have been addressed through defendants'
12   supplemental discovery responses. Defendants have served verifications for all of their
13   discovery responses. They have supplemented their interrogatory responses to provide seller
14   names and entity addresses (although they contend that some of this information was available
15   to plaintiffs in defendants' document production). While defendants disagreed whether they
16   were obliged to request and produce lender applications, they have requested the applications
17   and produced what they received to plaintiffs. Defendant Aguallo represents that he received

---

[1] Interrogatory No. 5 asks each defendant to "[i]dentify each asset which you currently own, in whole or in part. For each asset, describe the asset, identify its location, the date of acquisition, the person from whom it was acquired, the consideration paid for the asset, and describe all liens or other encumbrances against the asset. (See Docket #55 (Fields Decl., Exs. B and D)). As discussed above, the court limited this interrogatory to assets valued at over $1,000.

[2] Interrogatory No. 7 asks each defendant to "[i]dentify each asset previously owned, in whole or in part, by you during the period from 1 January 2005 to the date of these responses. For each asset, identify the person from whom it was acquired, the asset's present location, the date of the transfer by you, and the date of receipt of the consideration paid." (See Docket #55 (Fields Decl., Exs. B and D)). The May 16, 2009 order limited this interrogatory to assets valued at over $1,000.

[3] Interrogatory No. 20 asks each defendant to "[i]dentify each entity to whom you have applied for credit during the last five (5) years." (See Docket #55 (Fields Decl., Exs. B and D)).

[4] Document Request No. 8 seeks "[e]ach application for credit or financing created by you or on your behalf at anytime during the period 2005, 2006 & 2007." (See Docket #55 (Fields Decl., Exs. C and E)).

3

1  the Cash Call application in redacted form and that his copy is also very light (he offered to
2  email a better copy to plaintiffs on request).  (See Docket #63, Grunschlag Declaration and
3  exhibits).

4  Plaintiffs nonetheless insist that they are still entitled to an order compelling compliance
5  because there is no way for this court to evaluate "the nature or extent of the information or
6  documents produced or whether there may be issues with any."  (Reply at 2).  In essence, they
7  seem to want a preemptive court order compelling compliance in the event they learn down the
8  road that defendants have, in fact, not complied with the May 26, 2009 discovery order in some
9  respect.  That is putting the cart before the horse.  It is plaintiffs' burden to identify for the court
10 what discovery is lacking.  True, the information now sought by plaintiffs was not produced
11 until after the instant motion was filed.  But on the record presented, plaintiffs have not
12 demonstrated why an order compelling compliance (or, alternatively, one imposing sanctions) is
13 now necessary.  Nor have they shown why they are now entitled to an order granting all other
14 discovery that this court previously denied. (Contrary to plaintiffs' suggestion, the prior denial
15 without prejudice was only as to those requests which sought actual production of defendants'
16 tax records.)

17 As for plaintiffs' request to conduct certain post-cutoff discovery, there is no apparent
18 dispute here.  Defendants stipulate that plaintiffs may serve subpoenas as to information
19 identified in their discovery responses.  This court takes no position on that proposed discovery.
20 However, because such discovery may interfere with case management deadlines, plaintiffs
21 may find themselves needing to seek appropriate relief from Judge Ware.

22 For the foregoing reasons, plaintiffs' motion to compel is DENIED as MOOT.  The
23 denial is without prejudice.

24 SO ORDERED.
25 Dated:    July 27, 2009

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

1  **5:08-cv-3100 Notice has been electronically mailed to:**

2  Blaine L. Fields blaine.fields@sbcglobal.net

3  Dov M. Grunschlag dgrunschlag@carterfries.com

4  Michelle Q. Carter michelle@carterfries.com

5  William P. Donovan , Jr william.donovan@dlapiper.com

6  **Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California