IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Jose Valadez, et al., | No. C 08-03100 JW |
|     Plaintiffs, | **CLOSING INSTRUCTIONS** |
|   v. | |
| Reuben Aguallo, et al., | |
|     Defendants. | |

    Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. Copies of these instructions have been made available for you to consult.

    As I have instructed you, it is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. In deciding the case you must not be influenced by any prejudices or sympathy. This means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

    You must follow all of my instructions. You must not single out some and ignore others; they are all important.

The evidence from which you are to base your verdict consists of: the sworn testimony of witnesses, both on direct and cross-examinations, regardless of who called the witness, and the exhibits which have been received into evidence.

You must decide all questions of fact in this case from the evidence received in this trial and not from any other source. You must not make any independent investigation of the facts or the law or consider or discuss facts as to which there is no evidence. This means, for example, that you must not consult elsewhere for additional information.

If there is a conflict between the testimony of one or more witnesses and that of other witnesses, you may have to decide which testimony to believe and which testimony not to believe. You may disbelieve all or any part of any witness' testimony.   In my Opening Instruction, I instructed you of factors you should consider in deciding the credibility of a witness. In deciding whether or not to believe a witness, keep in mind that people sometimes forget things. You need to consider whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

The persuasiveness of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other. You must consider all the evidence in the case, and you may decide that the testimony of a smaller number of witnesses on one side has greater persuasiveness than that of a larger number on the other side.

Evidence may be direct or circumstantial. Direct evidence is testimony about an event by a witness who personally saw or heard or performed the event. Circumstantial evidence is indirect evidence about an event; that is, it is direct evidence that one event took place from which one can infer that another event, which was not itself directly observed, took place. You are to consider both direct and

circumstantial evidence. The law permits you to consider direct and circumstantial evidence to be of equal persuasiveness. However, it is for you to decide how persuasive to consider any evidence.

During the trial, I have ordered that testimony be stricken from the record and instructed you to disregard the testimony. When you are deciding the case, you must not consider the testimony which I told you to disregard.

During your deliberations, you will have paper copies of the documentary evidence. You will also be provided with a list of all exhibits which have been received in evidence.

In this trial, you have heard some testimony in Spanish. The evidence to be considered by you is only that provided through the official court interpreters. Although some of you may know Spanish, it is important that all jurors consider the same evidence. Therefore, you must accept the English translation. You must disregard any different meaning. You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.

## MULTIPLE PARTIES AND CLAIMS

There are two Plaintiffs in this case: Jose Valadez and Babita Valadez. Although Plaintiffs are husband and wife and have joined together to file this lawsuit, you must judge the case of each Plaintiff separately. If each Plaintiff proves a basis for recovery of damages, each Plaintiff is entitled to recover damages. However, it does not necessarily follow that because one Plaintiff is entitled to recover that both Plaintiffs are entitled to recover.

There are two Defendants: Ruben Aguallo and Paul Gregorio. You must consider the evidence with respect to each Defendant separately. In doing so, if you find that the Defendants have conspired with one another to act together, they are each responsible for the acts of the other that are done in the course and scope of the conspiracy. Thus, if you find that they conspired together, if you find one of them

3

liable, then you may find that they are both liable.  The verdict form will contain a place for you to indicate your verdict as to each party.

The Plaintiffs have brought four claims against the Defendants.  If Plaintiffs prove all of the elements of each claim as to each Defendant, the Plaintiffs are entitled to your verdict as to each claim.  However, the verdict form will contain a place for you to indicate your award of damages, if any, in a total sum for each Plaintiff since the Plaintiffs are not entitled to double recovery even if you find the Defendants liable for all claims.

## BURDEN OF PROOF

The Plaintiffs must prove all of their claims by a preponderance of the evidence. This means that the Plaintiffs must produce evidence which, considered in light of all the facts, leads you to believe that what the Plaintiffs claim is more likely true than not true.  To put it differently, if you were to imagine that the persuasiveness of evidence could be weighed on scales, and you could put evidence tending to prove Plaintiffs' version of what happened on the Plaintiffs' side of a scales and evidence tending to call Plaintiffs' version into question on the Defendants' side of the scales, the evidence on the Plaintiffs' side would have to make the scale tip in Plaintiffs' favor. If you evaluate the evidence and you find that the evidence is evenly balanced between the two sides, your decision  must be in favor of the Defendants.  If you evaluate the evidence and you decide that what the Plaintiffs claim is more likely true than not true, in other words, if the scale tips to Plaintiffs' side–even slightly, then your decision should be in favor of Plaintiffs.

4

# FIRST CLAIM
# CIVIL RICO

In their First Claim, the Plaintiffs claim that each Defendant violated a federal law known as the Racketeer Influenced and Corrupt Organizations Act (RICO), and the Plaintiffs seek an award of damages as compensation for that alleged violation.

It is unlawful under the RICO statute for anyone associated with an "enterprise" to conduct, or to participate in conducting, the affairs of the enterprise through a "pattern of racketeering activity."

Although the RICO statute uses the terms "racketeer," and "racketeering," and "corrupt organizations," Congress did not mean that a plaintiff in a RICO claim must prove that a defendant is "racketeer" or a member of what is commonly referred to an "organized crime."

In order to recover on their First Claim, as to each Defendant, Plaintiffs must prove by a preponderance of the evidence:

1. That the Defendant was associated with an enterprise;
2. That the Defendant knowingly committed at least two predicate acts;
3. That the predicate acts formed a pattern;
4. That the predicate acts amounted to, or threatened the likelihood of, continued criminal activity posing a threat of continuity projecting into the future;
5. That through the commission of the two or more connected predicate acts, the Defendant conducted or participated in the conduct of the affairs of the enterprise;
6. That the enterprise was engaged in, or that its activities affected, interstate commerce; and

5

7. That each Plaintiff was injured in his or her business or property as a result of the Defendant's commission of the pattern of racketeering activity.

The term "enterprise" as defined in the law includes any corporation that is engaged in, or the activities of which affect, interstate commerce. Avis Rental Car Company is an enterprise under the RICO statute.

To act "knowingly" means to act voluntarily and intentionally, and not because of mistake or accident.

The "predicate acts" alleged by the Plaintiffs are acts of extortion with respect to rental cars. Under Title 18 of the United States Code, it is unlawful for a person to obstruct, dely or affect commerce or the movement of any commodity in commerce by extortion.

The word "extortion" means the obtaining of money or property from another, with his consent, by wrongful use of actual or threatened force, violence, or fear, or under color of official right.

The word "commerce" means commerce between any point in a State or between States.

A "commodity in commerce" includes automobiles being rented for travel within a State or between States.

Thus to satisfy the second element, Plaintiffs must prove that the Defendant or Defendants committed two or more acts of extortion with respect to the commercial rental of automobiles.

Under the third element, if you find that the Defendants committed two or more acts of extortion, you must the decide whether those acts constituted a "pattern or racketeering activity." Acts form a "pattern" if in doing each act the Defendant or Defendants have the same or similar purposes or participants or victims or methods of

commission, or seek to achieve the same or similar results, so that they were not isolated events.

You must next decide whether the pattern of racketeering activity was engaged in by the Defendants while conducting, or participating in the conduct of, the affairs of the "enterprise." If so, you must then decide whether the "enterprise" was engaged in, or whether its activities affected, "interstate commerce." The parties have stipulated that Avis Budget Group, Inc., was engaged in interstate commerce. It is not necessary for the Plaintiffs to prove that the Defendants transferred any money extorted from them in interstate commerce. The Plaintiffs must prove that the enterprise with which the Defendants were associated was engaged in interstate commerce and that while associated with that enterprise, Defendants did all of the other things about which I have instructed you. Avis Budget Group, Inc., is not a party to this action. A legitimate corporation can be an enterprise for the purposes of the RICO statute without itself being sued.

## SECOND CLAIM
## COMMON LAW EXTORTION

In their Second Claim, the Plaintiffs seek damages against the Defendants for extortion. Even if the Plaintiffs fail to prove all of the interstate elements of the RICO statute, under the laws of the State of California, the Plaintiffs are entitled to recover if they prove extortion. Thus, in order to recover under their Second Claim, as to each Defendant, Plaintiffs must prove by a preponderance of the evidence:

1. The Plaintiffs voluntarily gave money, property or other things of value to the Defendant;

2. The money, property or value was given to the Defendant because the Defendant threatened the Plaintiffs that if the money, property or value was not given to the Defendant, the Defendant would use Defendant's authority to take some action that would cause harm to the Plaintiffs;

7

3. The threats caused the Plaintiffs to sustain injury, loss, damage or harm. A threat to use authority can be made even if the Defendants actually had no authority to take the threaten action.

## THIRD CLAIM
## FRAUD

The Third Claim being asserted by the Plaintiffs is fraud. In order to recover for fraud, as to each Defendant, the Plaintiffs must prove the following by a preponderance of the evidence:

1. That the Defendant made a statement to the Plaintiffs about a past or present material fact;

2. That the statement was false;

3. That at the time the Defendant made the statement, the Defendant knew that the statement was false;

4. That a reason the Defendant made the false statement was to induce the Plaintiff to rely on it by taking some action or refraining from taking some action;

5. That the Plaintiffs, unaware of the falsity of the statement, justifiably took some action in reliance on the statement; and

6. That as a result of taking some action in reliance on the false statement, the Plaintiffs sustained damages.

A party claiming to have been defrauded by a false representation must have relied upon the representation; that is, the representation must have been a cause of Plaintiffs' conduct in entering into the transaction and without such representation Plaintiffs would not have entered into such transaction.

The fraud, if any, need not be the sole cause if it appears that reliance upon the representation substantially influenced such party's action, even though other influences operated as well.

A party claiming to have been defrauded by a false representation must not only have acted in reliance on it but must have been justified in such reliance, that is, the situation must have been such as to make it reasonable in the light of the circumstances and Plaintiffs' intelligence, experience and knowledge, to accept the representation without making an independent inquiry or investigation.

## FOURTH CLAIM

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The Fourth Claim being asserted by the Plaintiffs is intentional inflection of emotional distress. Plaintiffs seek damages against Defendants for intentional inflection of emotional distress. In order to recover under their Fourth Claim, as to each Defendant, Plaintiffs must prove by a preponderance of the evidence:

1. The Defendant's conduct was extreme and outrageous;

2. The Defendant intended to cause or acted in reckless disregard of the probability of causing emotional distress to Plaintiffs;

3. The Plaintiffs suffered severe emotional suffering; and

4. The Defendant's conduct was the actual and proximate cause of the Plaintiffs' emotional distress.

Conduct is "extreme and outrageous" when it is of a nature which is especially calculated to cause, and does cause, mental distress.

## DAMAGES

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

## COMPENSATORY DAMAGES

If you find for the Plaintiffs, you must determine each Plaintiff's damages. The Plaintiffs have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the Plaintiffs for any injury or loss you find was caused by a Defendant's conduct.

Damages may include out-of-pocket expenses or any mental and emotional pain and suffering, which were caused by the conduct of the Defendant or Defendants. The Defendants are not liable if Plaintiffs' injuries were caused by events independent of the conduct of the Defendants. If you find that the damages suffered by the Plaintiffs were partly the result of conduct by a Defendant and partly the result of events which were not caused by the Defendants, you must apportion the damages accordingly. Emotional distress is a harm for which the law provides for compensation in the form of money damages. No method of calculation is prescribed by law which fixes reasonable compensation for mental and emotional distress. Nor is the opinion of any witness required as to the amount of such reasonable compensation. Furthermore, the argument of counsel as to the amount of damages is not evidence of reasonable compensation. In making an award for emotional distress, if you decide to do so, you should exercise your authority with calm and reasonable judgment and the damages you fix should be just and reasonable in light of the evidence.

If you return a verdict for a Plaintiff, but do not find that the Plaintiff sustained damages, then you must return a verdict for the Plaintiff in the nominal sum of one dollar.

Because the RICO statue limits Plaintiffs' recovery to business or property injuries, in making any award of damages under the RICO statute you may not compensate Plaintiffs for other losses, such as personal injuries or emotional harm. On the verdict form, you will find a place for you to indicate any business or property award under the RICO statute.

**PUNITIVE DAMAGES**

If you find for Plaintiffs against either Defendant, and if you award compensatory damages or nominal damages against that Defendant as to the Second, Third and Fourth Claims only, you may, but are not required to, award punitive damages. You may award punitive damages only if you have awarded compensatory

or nominal damages. The purposes of punitive damages are to punish a defendant and to deter a defendant and others from committing similar acts in the future.

You may award punitive damages only if you find the Defendants' conduct was malicious, or in reckless disregard of Plaintiffs' rights. Conduct is malicious if it is accompanied by ill-will, spite, or if it is for the purpose of injuring another. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, it reflects complete indifference to the rights of others.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering punitive damages, you may consider the degree of reprehensibility of the Defendants' conduct the net worth of the Defendants and the relationship of any award of punitive damages to any actual harm inflicted on the Plaintiffs.

**ARGUMENT OF COUNSEL**

I will now permit counsel for the parties to make their closing arguments. Counsel for the Plaintiff will make a closing argument, followed by the closing argument by counsel for the Defendants. If Plaintiff's counsel does not use all the allotted time, counsel for the Plaintiff will be permitted a brief rebuttal argument and then I will have some brief additional instructions for you with respect to the conduct of your deliberations. Remember, statements of the attorneys are not evidence.

[FOLLOWING CLOSING ARGUMENT]

**DUTY TO DELIBERATE**

When you retire, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

During the course of your deliberations, you may take rest breaks or lunch breaks as you wish. Since we will be standing by pending your deliberations, please send us a note as to what your schedule will be. During any break, do not deliberate further upon the case. Cease all deliberations until your foreperson has brought you back into session with all of you present.

## RETURN OF VERDICT

After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that will be given to you. Sign and date the form and advise the Ms. Garcia, the Deputy Clerk, that you are ready to return to the courtroom.

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you will find a form for that purpose included in the material sent into the jury room. Any one of you may communicate with me by filling out the form. Bring it into my Chambers and give it to me or a member of my staff. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. Remember that you are not to tell anyone—

including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

Dated: September 17, 2009

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Blaine L. Fields blaine.fields@sbcglobal.net
Dov M. Grunschlag dgrunschlag@carterfries.com
Michelle Q. Carter michelle@carterfries.com

**Dated: September 17, 2009**                    **Richard W. Wieking, Clerk**

                                                 **By:   /s/ JW Chambers            **
                                                 **      Elizabeth Garcia**
                                                 **      Courtroom Deputy**